## WILLIAM C. BOWLER vs. JOHN P. PALMER.

An appeal lies from a judgment of the court of common pleas dismissing an action for matter of law apparent on the record.

An action, entered by the defendant in the court of common pleas on appeal from a justice of the peace, may be dismissed on the defendant's motion, if the justice never rendered any judgment on the verdict returned for the plaintiff on the trial before him, although the action is one which might have been commenced in the court of common pleas.

When an appeal entered by the defendant is dismissed on his motion, the plaintiff is entitled to costs.

BOWLER sued Palmer in an action of tort before a justice of the peace, laying his damages at one hundred dollars. The record of the justice, after setting forth the writ, service, appearance and answer of the defendant, trial before a jury, and verdict of sixty dollars for the plaintiff, concluded as follows : " In testimony of which judgment, I the said justice have hereunto set my hand the twenty-ninth day of April A. D. 1853. From which judgment the said defendant appeals to the next court of common pleas," &c. The defendant entered into a recogniz ance before the justice to " prosecute with effect an appeal by him made from a judgment obtained against him by the said William C. Bowler at a justice's court which was holden before [the justice, and at the place, named in the record] on the twenty-ninth day of April A. D. 1853."

The defendant entered his appeal at June term 1853 of the court of common pleas; and at March term 1854 filed an answer on the merits, and also moved the court to dismiss the action for want of jurisdiction, because it did not appear from the papers in the case that the justice ever rendered any judgment upon the verdict of the jury. And the court ordered the action to be dismissed.

The plaintiff then moved that he might be allowed his reasonable costs ; and also moved that the defendant be called to appear and prosecute his appeal with effect, according to the tenor of his recognizance; but both these motions were overruled by the court. And the court, on motion of the defendant, adjudged that he recover his costs against the plaintiff. The plaintiff appealed to this court.

*S. H. Phillips*, for the plaintiff. As the damages demanded in this action exceeded twenty dollars, the court of common pleas had jurisdiction of the subject matter, concurrently with justices of the peace. *St.* 1852, *c.* 314, § 1. And the defendant having appeared, and answered to the merits, that court had also jurisdiction of the parties. No defect, therefore, in the process by which the defendant was brought before the court can be held to affect its jurisdiction. *St.* 1852, *c.* 312, § 22. *Brown* v. *Webber*, 6 Cush. 569, and cases cited. *Jaques* v. *Sanderson*, 8 Cush. 271.

*J. H. Robinson*, for the defendant. 1. An appeal does not lie from a judgment of the court of common pleas, dismissing an action. *Cushing* v. *Field*, 9 Met. 180.

2. There can be no appeal, except from a judgment. The action was therefore rightly dismissed by the court of common pleas, because the justice of the peace never rendered judgment on the verdict of the jury. Rev. Sts. *c.* 85, § 13. *St.* 1852, *c.* 314, § 11. *Fuller* v. *Topliff*, 10 Conn. 60. *Hoyt* v. *Brooks*, 10 Conn. 188. *Kimble* v. *Riggin*, 2 Greene's (Iowa) Rep. 245. *Brown* v. *Scott*, 2 Greene's (Iowa) Rep. 454. *Adams* v. *Thompson*, 7 Eng. 670. The appearance of the defendant could not give jurisdiction, as the court of common pleas never obtained jurisdiction of the subject matter. *Osgood* v. *Thurston*, 23 Pick. 110. *Kimble* v. *Riggin*, 2 Greene's (Iowa) Rep. 246. Rev. Sts. *c.* 82, § 3. The fact, that the case was such as might have been originally brought in the court of common pleas, cannot aid the appellate jurisdiction of that court.

3. The ruling of the court of common pleas, refusing the plaintiff his costs, and allowing costs to the defendant, was right; as the defendant was the prevailing party. Rev. Sts. *c.* 121, § 1. *Davis* v. *Hastings*, 8 Cush. 314, and cases cited.

MERRICK, J. This action is brought into this court by appeal from the judgment of the court of common pleas ordering it to be dismissed. It is properly here in that way, because the matter of law upon which that judgment was founded is apparent upon the record. *St.* 1840, *c.* 87, § 5. In this material particular it differs entirely from the case of *Cushing* v. *Field*, 9 Met.

180, on which the defendant relies in support of his objection that no appeal lies from a judgment dismissing a suit. It is true that that language was used by the chief justice in giving the opinion of the court in that case, but he used it in reference to the facts and peculiar circumstances which were then before the court. And, so applied and limited, the statement was perfectly correct. The defendant pleaded to the action, the plaintiff replied, and then followed the order of dismissal, without its being stated in the record for what cause it was made. And it was because the matter of law was not apparent on the record, that it was said in general terms that an appeal from the judgment dismissing the suit did not lie.

This action was never withdrawn from the jurisdiction of the justice of the peace before whom it was brought and prosecuted. He had rendered no judgment in it, and it was still pending before him, when an appeal to the court of common pleas was claimed and taken by the defendant. But that appeal was wholly ineffectual, because no party can appeal from any of the proceedings of a justice of the peace, in a civil action, except his final judgment. Rev. Sts. *c.* 85, § 13. As this appeal was inoperative and void, the proceeding was properly dismissed in the appellate court, on motion of the defendant.

But though his motion prevailed, he was not the prevailing party. He had carried into the court of common pleas a case which he claimed to be an appeal, but which he had no right to prosecute, and which he could not possibly sustain. Failing so to do, he was not entitled to judgment for his costs. They should, on the contrary, have been awarded to the plaintiff, as the prevailing party.

The judgment of the court of common pleas, therefore, dismissing the appeal, is affirmed; its judgment giving costs to Palmer reversed; and costs are to be awarded to Bowler.